HARMON L. STEVENS v. JULIA ELLA THOMPSON.

*Fraud—Setting aside deed—Pleading—Parties.*

1. The proofs in this case are held to establish the fraud charged in complainant's bill, and for which he seeks to set aside a deed executed to the defendant on an exchange of farms.

2. The further charge in the bill, that the defendant refused to carry out a part of the agreement by accepting certain personal property, and paying complainant the agreed price therefor, is held not to change the claim made in the bill that the complainant was induced to make the exchange by and in reliance upon the false and fraudulent representations of the defendant as to the nature of the soil of her farm.

3. A wife is not a necessary party to a bill filed by her husband to set aside a deed executed by both to the defendant on an exchange of farms, it appearing that before filing the bill a deed of the defendant's farm, executed by the complainant and his wife, was tendered to the defendant, and refused, and that the decree setting aside complainant's deed provides for the execution and delivery by them of such a deed as a condition to such cancellation.

Appeal from Hillsdale. (Lane, J.) Argued October 24 and 25, 1893. Decided December 4, 1893.

Bill to set aside a deed. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Guy M. Chester* and *George A. Knickerbocker,* for complainant.

*F. A. Lyon* and *A. B. St. John,* for defendant.

LONG, J.    Complainant, in 1892, was the owner of a
farm containing about 121 acres in Hillsdale county.    It
was incumbered by two mortgages, aggregating about $2,000·
Complainant was a married man, living in Hillsdale, the
farm not being occupied as a homestead.    Defendant was
the owner of a farm of 169 acres, situate in Clinton and
Ingham counties, subject to a mortgage of about $2,600.
The husband of defendant, acting as agent for his wife,
called upon complainant for the purpose of negotiating an
exchange of these farms.    It is claimed by complainant
that Mr. Thompson represented his wife's farm as of a
dark, loamy, gravelly soil, with 10 acres of timber, 10
acres of low, wet land, and the rest plow land, and that
he would make an even exchange, each to take subject to
the mortgages.    Negotiations for the exchange commenced
in January, 1892, and on February 5 Thompson induced
complainant to go and look at defendant's farm.    Com-
plainant claims that when he got there he found the land
covered with snow; that he could not examine the soil, but,
while there, Mr. Thompson pointed out the boundaries of
the farm.    He was at the farm but a short time, and
returned the same night.    An exchange was made upon the
terms stated, and, in addition, it is claimed by complainant
that the defendant was to take some personal property on
complainant's farm, and to pay the sum of $360 in cash
for it.    After the deeds were exchanged, the defendant
refused to take the personal property, or to pay the $360,
denying that any such arrangement was made.    Complain-
ant afterwards made an examination of the farm taken by
him, and claims that the soil was light sand, and that there
were over 70 acres of low, wet, marshy, and irreclaimable
land.    Complainant had not yet surrendered possession of
his farm to defendant, and, upon discovering the condition
of defendant's farm, he, together with his wife, made, exe-
cuted, and acknowledged a deed of the farm to defendant

in due form, and tendered it back to her, at the same time causing a deed of the Hillsdale farm to be made ready for execution by the defendant to him, and demanded that defendant execute the same, which she refused to do. This bill is filed to set aside the deed to defendant, on the ground of the claimed fraud. The cause was heard in open court, before Judge Lane, who made a decree in favor of complainant, as prayed in the bill.

We think the proofs abundantly sustain the complainant's case, and that the fraud is fully established. It will therefore need no discussion.

It is contended, however, by counsel for defendant, that the bill is framed on the theory that, because defendant refused to accept and pay for the personal property, the complainant was entitled to a rescission of the contract. There is a clause in the bill which states:

" Such deeds were duly acknowledged and delivered and recorded, and thereupon the said defendant absolutely refused to carry out and perform any other part of the said agreement of exchange hereinbefore stated, and absolutely refused to accept and receive said personal property from your orator, and to pay to your orator the said sum of $360."

This statement in no manner changes the claim made by the bill. The bill is framed upon the theory that the complainant was induced to make the exchange in reliance upon the false and fraudulent representations of defendant's agent as to the character of the soil and amount of plow land, and then the above clause is added, showing that defendant's agent not only misrepresented the character of the soil and amount of plow land, but refused to carry out the other part of the agreement.

It is said, however, that the complainant, when the tender of the deed was made to defendant, again demanded the payment of the $360, and put his claim for a right of rescission of the contract expressly upon the refusal of

defendant to pay it, and not upon the ground of the false representations. · It is evident that complainant or his counsel regarded this as a part of the consideration for the exchange, and thought it necessary to make such demand, that the refusal, if made, should constitute a part of complainant's case; but the bill is framed, as well, upon the theory of fraud and false representations, and the claim of the right of rescission is based upon the fraud, as well as upon the refusal to pay for the personal property. It is also possible that complainant may have been willing to waive the fraud if the defendant would pay the money agreed for the personal property; but this the defendant refused, and the complainant is not estopped from setting up the fraud under the conditions shown. He was insisting that a fraud had been perpetrated from the time he discovered it, and attempted to have the matter righted.

It is insisted that the complainant's wife is a necessary party to the bill. The deed tendered was executed by the wife, as well as complainant, and effectually barred her dower. The decree of the court below provided that the defendant make, execute, acknowledge, and deliver a deed to complainant of the lands in Hillsdale county, and that the complainant and his wife make, execute, acknowledge, and deliver a deed of the Clinton and Ingham county lands to the defendant. The condition upon which complainant is to have his deed canceled and title restored is that he and his wife make and deliver this deed. The wife of complainant is not a necessary party, and the rights of the defendant are in no way affected by this omission.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.